[Civ. No. 466.   Second Appellate District.—May 14, 1908.]

## C. M. HENDERSON and L. A. MACOMBER, Partners, etc., Appellants, v. WESTERN GAS ENGINE COMPANY, a Corporation, Respondent.

Corporations—Authority to President to Sell Treasury Stock—Employment of Brokers—General Custom—Recovery of Commissions.—The president of a corporation who is authorized in general terms to sell its treasury stock at par has authority, in view of a general custom of business established throughout California, that corporate officers authorized generally to sell corporate stock, place and list the stock with brokers, to employ brokers to sell the stock at par, and when such brokers found a customer who took the stock at par, they are entitled to recover their reasonable commissions from the corporation.

Id.—Knowledge of General Custom Imputable to Directors—Construction of Resolution—Rights of Plaintiffs.—Knowledge of a general custom of business in the sale of corporation stock was imputable to the board of directors when it passed the resolution authorizing the president in general terms to effect the sale, and the resolution must be construed as authorizing the sale in the usual and ordinary manner. If it did not desire the usual custom of business to be followed, it should have specified its desire in the resolution; otherwise the plaintiffs had the right to assume that their employment as brokers by the president was warranted.

Id.—Authority of President as Agent—Power of Court—Proof of Custom in "Ordinary Course of Business."—The president had authority as an agent of the corporation, under the authority given him by the resolution to employ the plaintiffs as brokers, under section 2319 of the Civil Code, "to do everything necessary or proper or usual in the ordinary course of business for effecting the purpose of his agency" and it was proper for the court to ascertain by proof what was usual in the ordinary course of business of his agency to sell stock.

Id.—Liability of Corporation Suffering Appearances and Action of Officers—Reasonable Belief of Employment.—A corporation which suffers appearances to exist, and its officers and agents so to act as to give one employed by such officers and agents reason to believe that he is employed by the company, becomes liable to such employee to pay for the services rendered.

Id.—Findings Against Evidence.—Held, that the findings in this case that no services were rendered by plaintiffs to the corporation defendant, and that no indebtedness against the corporation arose by

reason of the transaction, were against the evidence; and that the record shows without contradiction that the services were rendered under a valid agreement; and, it being stipulated that the commission claimed by plaintiffs was a reasonable one, that the indebtedness was clearly established for the amount claimed in the complaint.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. W. P. James, Judge.

The facts are stated in the opinion of the court.

Edward G. Kuster, and C. E. Woodside, for Appellants.

Clair S. Tappan, for Respondent.

ALLEN, P. J.—Action by brokers to recover commissions for services in selling corporate stock. Findings and judgment for defendant. Plaintiffs appeal from the judgment and from an order denying a new trial.

The record discloses that defendant corporation, through its board of directors, passed resolutions authorizing its president to sell at par certain of its corporate stock then in the treasury; that when said action was taken there was a custom and usage throughout California that officers, unless otherwise directed, when so authorized, in the usual and ordinary course of business placed and listed such stock with brokers on a commission basis without express instructions from the board of directors, and in cases where such stock was so listed to pay commissions to such brokers. That the president, after ineffectual attempts to sell the stock by advertisement and otherwise, listed the stock with plaintiffs, who were then engaged in the brokerage business in Los Angeles, and agreed, if the stock was sold to a customer introduced by plaintiffs, to pay them a commission of seven and one-half per cent. It is conceded that plaintiffs found a customer and introduced him to the president, to whom the stock was sold at par, and that the commission of seven and one-half per cent was a reasonable one.

The court found that no services were rendered by plaintiffs and no indebtedness against the corporation arose by

reason of the transaction. The specifications of error relate to the insufficiency of the evidence to support such findings.

We are of opinion that from the record it appears, without contradiction, that the services were rendered under a valid agreement, and it being stipulated that the commission claimed was a reasonable one, that the indebtedness was clearly established for the amount claimed in the complaint. Treating the president, under the authority given him by the resolution, as a mere agent of the corporation, his power to employ plaintiffs as such brokers existed under section 2319, Civil Code: "An agent has authority: 1. To do everything necessary or proper and usual, in the ordinary course of business, for effecting the purpose of his agency." The trial court, that it might know what was proper and usual in the ordinary course of business in such transactions, admitted proof of the custom obtaining in relation thereto. Such custom being established, knowledge thereof must be imputed to the board when it passed the resolution ordering the sale, and such resolution is susceptible of no construction other than it authorized a sale by the president at par in the usual and ordinary manner. That such manner was observed is uncontradicted; that in its observance the employment of plaintiffs resulted and that they performed the services and earned the commission is unquestioned. If, as a fact, the corporation did not desire the usual custom of business to be followed in connection with this sale, it was incumbent upon it to so specify its desire in its resolution directing the same; otherwise, the plaintiffs had a right to assume that the employment was warranted. "A corporation which suffers appearances to exist, and its officers and agents to so act, as to give one employed by such officers and agents reason to believe that he is employed by the company, becomes liable to such person as his employee to pay for the services rendered." (*Crowley* v. *Genesee Min. Co.*, 55 Cal. 276.) The defendant having given this general authority to its president, the plaintiffs had a right to assume under the custom of business that it was the intention of the corporation that the usual manner of business in such transactions should be observed and their employment authorized. The matter of an agent's employment of a subagent is not here involved, but rather the use by the agent of the instrumentalities necessary in the prosecu-

tion of the business, the use of which, by fair inference, may be said to have been contemplated by the principal in his appointment.

The order denying a new trial is reversed, and cause remanded for further proceedings.

Shaw, J., and Taggart, J., concurred.